THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* THOMAS MORAN, Appellant.

(Argued October 8, 1928; decided October 23, 1928.)

*Meyer Kraushaar* and *Emanuel Celler* for appellant.
The overwhelming weight of the evidence demonstrates
that the defendant was legally insane. (*People* v. *Fur-
long,* 187 N. Y. 198; *People* v. *Schmidt,* 216 N. Y. 324.)
The trial court was guilty of prejudicial error in refusing
to instruct the jury that the defendant's ailment might
be considered by them in mitigating the degree of homi-
cide. (*Sage* v. *State,* 91 Ind. 141; *Kirby* v. *State,* 68
Tex. Cr. Rep. 63; *State* v. *Anselmo,* 46 Utah, 137; *People*
v. *Van Zandt,* 224 N. Y. 354; *People* v. *Koerber,* 244
N. Y. 147.)

*Charles J. Dodd, District Attorney (Henry J. Walsh*
and *Thomas J. Sefton* of counsel), for respondent. The
evidence established beyond a reasonable doubt that the
appellant was sane when he shot and killed the deceased
and the finding of the jury to that effect is amply sus-
tained by the proof. (*Brotherton* v. *People*, 75 N. Y.
159; *People* v. *Egnor*, 175 N. Y. 419; *People* v. *Seidenshner*,
210 N. Y. 341; *Flanagan* v. *People*, 52 N. Y. 467; *People*
v. *Taylor*, 138 N. Y. 407; *Willis* v. *People*, 32 N. Y. 718;
*People* v. *Foy*, 138 N. Y. 664; *People* v. *Ferraro*, 161
N. Y. 377; *People* v. *Burgess*, 153 N. Y. 561; *People*
v. *Farmer*, 194 N. Y. 251; *People* v. *Schmidt*, 216
N. Y. 324.)

*Per Curiam.* The defendant is a " psychopathic
inferior," a man of low and unstable mentality, and, in
all probability, a sufferer from epilepsy.

Even so, the evidence is not so strong as to exact a
finding from the jury that he was mentally irresponsible
within the meaning of Penal Law, section 34. He knew
the nature and quality of the act, and knew that the
act was wrong.

It is the law of New York, made binding upon the
court by the enactment of a statute, that a youth of that
order of mentality shall suffer the penalty of death if
guilty of the crime of murder. The rigor of the law
may be mitigated by the Governor when the hardship
of applying it is excessive or exceptional. There can be
no other relief in the face of the mandate of the statute.

Feebleness of mind or will, even though not so extreme
as to justify a finding that the defendant is irresponsible,
may properly be considered by the triers of the facts in
determining whether a homicide has been committed
with a deliberate and premeditated design to kill, and
may thus be effective to reduce the grade of the offense.
Requests were submitted to the trial judge for the
purpose, it is now said, of emphasizing the jury's duty
in that regard. They were so imperfectly phrased that

there was no error of law in refusing to charge them. The substance of the desired instructions was this and nothing more: that if there was mental disorder which precluded a deliberate and premeditated design to kill, there was no murder in the first degree. But the judge had already charged that there could be no conviction of that grade of homicide unless there was a deliberate and premeditated design to kill. If he had charged the new request, he would have merely told the jury that a defendant who cannot deliberate, does not deliberate. A proposition so self-evident was properly rejected with the comment that it was refused except as already charged. A different question would be here if the request had been that in determining whether the defendant *could* deliberate, mental disorder, whatever its degree, was a feature of the evidence to be considered and given due significance. Nothing of the kind was asked.

True, of course, it is that even a defective request may be the basis for reversal if justice so requires. (*People* v. *Semione*, 235 N. Y. 45; Code Cr. Pro. § 528.) The record does not justify the exercise of that discretionary power. The jury cannot have been misled by the ruling of the trial judge, for they did not hear the request. It was made in writing and not read. There is no reasonable basis for the belief that the result would have been different if the desired charge had been made.

The judgment of conviction should be affirmed.

O'BRIEN, J. (dissenting). Defendant was afflicted with a form of epilepsy. His paternal grandmother, his paternal aunt and his maternal uncle were insane. Under correct instructions relating to the issue of insanity, the jury found that, even with such a tainted heritage, he knew the nature and quality of his act and that it was wrong. This verdict on the issue of insanity, as defined by statute, cannot be viewed as contrary to the weight of evidence.

A sane man may intentionally commit murder, yet unless his intentional homicidal act be deliberate and premeditated, his crime does not constitute murder in the first degree. If a deliberate and premeditated design, possible of formation by the slayer, be in fact absent, the grade of his offense is murder in the second degree. In a more emphatic sense, that grade is preserved when the criminal is *incapable* of deliberation and premeditation. Intoxication does not excuse crime, yet its existence may render its subject powerless to deliberate or to premeditate. (*People* v. *Leonardi*, 143 N. Y. 360.) Rash impulse, headlong fury, sudden and overwhelming grief do not absolve from all the consequences of crime (*People* v. *Caruso*, 246 N. Y. 437) but they do mitigate the grade of the offense. A similar rule applies whenever a jury may find that, from any cause, the murderer is prevented from exercising power of deliberation and premeditation. All seem to accept this proposition.

Counsel submitted this request to charge: " If the jury find that the defendant was suffering from such a mental disorder though while not reaching the dignity of insanity, but nevertheless, as so interfered with his mental operations as to *preclude* a deliberate and premeditated design to kill Officer Byrns, but which nevertheless allowed him to form the design to effect the death of Officer Byrns, they may find him guilty of murder in the second degree." This language requests a charge that if a mental disorder, less malignant than insanity as defined by statute, allows the formation of an intent but prevents deliberation and premeditation, defendant is not guilty of murder in the first degree. It may fairly be construed, I think, as a request to instruct the jury that they might consider defendant's low mental condition in relation to his power to deliberate and premeditate. Even if regarded as defective in form, I think that this request should have been granted. The court had, indeed, previously charged that con-

viction in the first degree could not be had in the absence of those elements, but he had omitted to enlighten the jury in respect to the method of determining their existence. The jury knew from their instructions that an insane person could not be convicted nor could a sane person be convicted in the first degree unless he had deliberated and premeditated. Their attention had not been directed to a consideration of the possibility or probability that a person of defendant's mental status might be incapable of deliberation and premeditation. Full assurance cannot be had that they ever considered the impossibility of deliberation and premeditation by one who, like defendant, they held to be sane within the meaning of the statute.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur in *per curiam* opinion; O'BRIEN, J., dissents in opinion.

Judgment affirmed.