[No. 197-1.    Division One—Panel 2.    January 18, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER REED CARTER, *Appellant*.

*Robert L. Butler,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Suzanne B. Amacher, Deputy,* for respondent.

FARRIS, J.—Walter Reed Carter was convicted by a jury of the crime of burglary in the second degree. He appeals from that conviction.

In the early morning hours of May 27, 1969, appellant entered the apartment of a young woman through an open window. When he encountered the occupant of the apartment, he placed his hand over her mouth as she started to scream and pushed her to the floor. They then engaged in a "conversation" for nearly an hour. When Mr. Carter left the apartment accompanied by the young woman, they met the apartment manager and the young woman requested assistance. Mr. Carter indicated that he wanted to fight the manager but thereafter entered into a conversation with him. He eventually left the building and was outside in his automobile when police officers arrived and arrested him. There is conflicting testimony as to statements made by the appellant regarding his reasons for entering the apartment.

The primary question is the refusal of the trial court to admit expert medical testimony regarding the appellant's mental condition. Through this testimony the defense sought to establish that Mr. Carter is singularly inept, possibly psychotic, a borderline schizophrenic, that he has a character disorder, is an immature person, has a borderline mental status, limited intellect, lack of control and reality, is severely neurotic and incapable of forming a criminal intent.

■ Mr. Carter argues that this evidence was admissible under the doctrine of "diminished responsibility." Under this doctrine, evidence of mental incapacity short of legal insanity is admissible on such issues as specific intent, pre-

meditation, and malice. *See State v. White*, 60 Wn.2d 551, 588, 374 P.2d 942 (1962).

The testimony of the psychiatrist did not indicate that appellant's general capacity to form a specific intent was impaired or diminished by his particular mental disturbances, nor did the appellant in his offer of proof to the court indicate that the psychiatrist would so testify. Without such testimony, it was improper for the trial court to admit the evidence of appellant's mental condition since the jury would be left to speculate upon the effects of such condition on his capacity to form a specific intent. We agree with the statement of the California Court of Appeals:

> Mental illness by medical standards not amounting to diminished capacity, insanity, or lunacy is not in itself an affirmative defense to a criminal charge.

*McMullen v. Superior Court*, 6 Cal. App. 3d 224, 229, 85 Cal. Rptr. 729 (1970). Since the appellant did not offer to prove that his mental illness did in fact preclude him from forming a specific intent, thereby amounting to diminished capacity, his evidence was not admissible under that doctrine and was properly excluded.

■■ Appellant next contends that the trial court erred in giving instruction 6:

> The law presumes that every man intends the natural and probable consequences of his own acts. It is not necessary to establish intent by direct and positive evidence but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all of the facts and circumstances of the case.

Appellant contends that the first sentence of this instruction amounts to a comment upon the evidence and denied the appellant the right of a trial by a jury. His complaint is that the words "intentional" and "voluntary" should modify "act." "Voluntary" is included in the definition of the word "act."[1] Although insertion of the modifying word might improve the instruction, it is not constitutionally

---

[1] *See* R. Perkins, Criminal Law 660 (1957).

required. In any event, instructions 1 and 8 left no doubt that the jury was to convict only on the basis of purposeful and intentional acts. It is settled that instructions must be read and considered as a whole. *State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967); *State v. Willis,* 67 Wn.2d 681, 409 P.2d 669 (1966).

Affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing granted April 27, 1971.