[No. 197-1. Division One—Panel 1. November 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER REED CARTER, *Appellant.*

*Robert L. Butler*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney, Suzanne B. Amacher* and *Marco J. Magnano, Jr., Deputies,* for respondent.

*John M. Junker,* amicus curiae.

FARRIS, A.C.J.—Walter Reed Carter was convicted of the crime of burglary in the second degree following a jury trial. He appeals from that conviction. This matter is before the court upon the granting of appellant's petition for rehearing. We adhere to the result of the original decision reported in 4 Wn. App. 115, 479 P.2d 543 (1971). The facts are restated here for clarification.

In the early morning hours of May 27, 1969, Mr. Carter entered the apartment of a young woman through an open window. When he encountered the occupant of the apartment, he placed his hand over her mouth as she started to scream and pushed her to the floor. They then engaged in a "conversation" for nearly an hour. When Mr. Carter left the apartment accompanied by the young woman, they met the apartment manager and the young woman requested assistance. Mr. Carter indicated that he wanted to fight the manager but thereafter entered into a conversation with him. He eventually left the building and was outside in his automobile when police officers arrived and arrested him. There is conflicting testimony as to statements made by Mr. Carter regarding his reasons for entering the apartment.

Mr. Carter relied upon a 3-pronged defense at his trial: (1) he blundered into the wrong apartment and was there due to a mistake, (2) he was under the influence of liquor or narcotics, and (3) he had diminished capacity to form the specific intent to commit the crime. In finding him guilty, the jury rejected his first two defenses. The primary question on appeal is the refusal of the trial court to admit expert medical testimony regarding Mr. Carter's mental condition. The offered evidence would not support a finding of insanity as defined by RCW 10.76.010. The purpose in offering the evidence was to establish that Mr. Carter

lacked the mental capacity to form the intent to commit the crime. The trial court, relying on *State v. Cogswell*, 54 Wn.2d 240, 339 P.2d 465 (1959), refused the evidence because it was not relevant to Mr. Carter's state of mind on the date and time of the alleged crime.

Mr. Carter argues that evidence of mental incapacity short of legal insanity is admissible on such issues as specific intent, premeditation and malice. He recognizes that the Washington court has not ruled on the question but relies on those jurisdictions that have approved of what is referred to as the doctrine of "diminished capacity" or "partial responsibility."

In *People v. Taylor*, 220 Cal. App. 2d 212, 33 Cal. Rptr. 654 (1963), a question very similar to the one considered here was before the California court. The appellant was charged and convicted of entering a building with intent to commit theft. The trial court sustained an objection to a question asked of the appellant regarding his previous psychiatric treatment. The appellate court stated at page 216:

> In the case of a crime involving specific intent, the jury is called upon to determine the existence of such nonobjective fact, i.e., the specific intent or state of mind and must therefore be as completely informed as possible of all the circumstances connected with the offense which manifest such intention. [Citing case.] Hence under his plea of not guilty, the defendant may present any evidence, not amounting to proof of legal insanity, which tends to prove the specific intent or state of mind involved. [Citing cases.] This includes the testimony of a psychiatrist. [Citing cases.]
>
> We think therefore that the trial court was in error in its apparent ruling that evidence of the psychiatric treatment of the defendant was not admissible except under a plea of not guilty by reason of insanity.[1]

---

[1] The conviction was, however, affirmed. The court held that the error was not prejudicial because the language of the question was general, specifying neither the particular treatment nor the particular mental disorder of the defendant to which the alleged treatment was directed. In addition, the defendant did not call a psychiatrist and at no time indicated to the trial court that he intended to do so.

■ Here the information charged that Mr. Carter "with intent to commit a crime therein, willfully, unlawfully and feloniously did enter the dwelling of . . ." It is clear therefore that specific intent is an essential element of the crime and a material issue in the case. Any competent evidence which tends logically, naturally and by reasonable inference to prove or disprove a material issue is relevant and should be admitted unless it is specifically inadmissible by reason of some affirmative rule of law.

■ RCW 9.19.030[2] provides that one is presumed to enter a dwelling with the intent to commit a crime therein once it is established that he unlawfully entered the dwelling or building. However, this presumption is not conclusive, *State v. Durning*, 71 Wn.2d 675, 430 P.2d 546 (1967), *State v. Anderson*, 5 Wash. 350, 31 P. 969 (1892), and the statute specifically provides that it does not apply when such unlawful entry is explained to the satisfaction of the jury that it was made without criminal intent. If the jury entertains a reasonable doubt that the entry was made with the intent to commit a crime therein, there cannot be a conviction of burglary.

Mr. Carter sought to introduce the testimony of a psychiatrist based on a personal examination of him and a review of his history of psychiatric treatment over the past 12 years. The psychiatrist had formed an opinion of Mr. Carter's mental condition and Mr. Carter offered to prove that the condition the psychiatrist found in August of 1969 would also be the condition on May 26 and May 27, 1969.

It is argued that *State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970) would preclude the testimony of the psychiatrist as offered here. In *Tyler*, the court precluded the opinion of the psychiatrist because it was based on the

---

[2]"Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in RCW 9.19.010 and 9.19.020 shall be deemed to have broken and entered or entered the same with intent to commit a crime therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

appellant's testimony as to the amount of drugs and alcohol that he had consumed, which testimony was so vague, indefinite, and uncertain that it provided no basis for a competent medical opinion. Here the evidence offered went to the capacity of the appellant to form an intent on the date in question. Language in *State v. White*, 60 Wn.2d 551, 588, 374 P.2d 942 (1962), while not necessary to dispose of the issues there, indicates that upon a proper showing such evidence is admissible in this jurisdiction:

> The presence of a mental disease or defect which falls short of criminal insanity may well be relevant to issues involving the elements or degrees of certain crimes, *e.g.*, where malice, premeditation or intent are in issue. An accused who has the necessary *capacity* to premeditate, for instance, may still introduce evidence that he is suffering from a mental disease or defect, which disease or defect substantially reduces the probability that he actually did premeditate with regard to the crime with which he is charged.

(Footnote omitted.)

 It is not disputed that Mr. Carter had the capacity to know the difference between right and wrong, and to understand that difference, nor is it disputed that he was competent to assist in his own defense. The question is whether his capacity to form an intent to commit the crime was diminished. Whether the offered testimony rebutted the presumption of intent pursuant to RCW 9.19.030 is a question for the jury when and if the proper foundation for the introduction of the testimony is laid. The offer of proof was sufficient to carry the question of whether Mr. Carter had "psychiatric problems" to the jury but this was not in issue. The offered evidence must provide a basis for a lay jury to at least infer that the alleged condition, if it existed, could reasonably affect the capacity of Mr. Carter to form an intent to commit the crime charged.

> The law inquires not into the peculiar constitution of mind of the accused, or the mental weaknesses or disorders or defects with which he may be afflicted, but solely

into the question of his capacity, at the time he committed a forbidden act, to have a criminal intent.

*State v. Collins,* 50 Wn.2d 740, 754, 314 P.2d 660 (1957). We hold that the offered evidence failed to meet this test.

Dr. Jarvis testified:

I was influenced by his statement of his recollection of that time. Consequently, the inference I draw from it is bound to be a speculative one and depends upon his credibility. Q Would it be fair to say, Doctor, that it would be unfair to ask you whether or not Mr. Carter intended to commit a crime in that building? In other words, would we be asking for a conclusion that would be less than reliable from the medical standpoint? A I think so, because defining intent is a most elusive thing. Determining state of mind, capacity to discriminate between right and wrong, is rather simpler. But to read into a man's actions his state of mind as to intent is, as I say, extremely speculative and I am always glad that it is the jury that decides what intent was rather than me.

We find that the jury would necessarily have had to speculate on the effect which Mr. Carter's particular mental disorder, if present, would have had upon his ability to form an intent to commit the crime charged. There was no testimony to tie the alleged mental condition to the question of ability to form an intent. In the absence of that connecting link, the offer of proof was properly refused. Before testimony can be received into evidence, it must be shown to be relevant and material to the case. *State v. Wilson,* 38 Wn.2d 593, 231 P.2d 288 (1951). The existence of a fact cannot rest in guess, speculation or conjecture. *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970); *see also Madill v. Los Angeles Seattle Motor Express, Inc.,* 64 Wn.2d 548, 392 P.2d 821 (1964).

Although the question considered in *State v. Reece,* 79 Wn.2d 453, 458, 486 P.2d 1088 (1971), is not in issue here, it should be observed that the Supreme Court reaffirmed its approval of the M'Naghten rule and stated:

[T]he reasons which are usually advanced for abandoning the rule of M'Naghten involve consideration of fac-

tual matters which can best be presented to the legislature where there is an opportunity for other interested parties, including psychiatrists, psychologists, penologists, administrators of institutions, and sociologists, to present their views. The court hears only lawyers, and in a matter obviously involving so many considerations which are outside the lawyer's repertoire, it is reluctant to adopt a theory which is not shown to have substantial validity.

(Footnote omitted.)

While we do not find that the argument of appellant here is limited to the legislature, there are reasons for a legislative approach to the question of diminished capacity. If one accused of a crime is found not guilty by reason of mental illness pursuant to RCW 10.76.040, a determination is made as to whether the accused is safe to be at large. Whether a similar provision should apply to an accused who convinces the jury that he has diminished capacity to form the intent to commit a crime, is a question that must be answered. We need not decide it at this time.

Affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied January 10, 1972.

Review denied by Supreme Court February 24, 1972.