[No. 42327.    En Banc.    February 22, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JULIA ELLEN FERRICK, *Appellant*.

*Phil Mahoney,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, James R. Miller, Senior Deputy,* and *Byron H. Ward, Deputy,* for respondent.

STAFFORD, J.—This is an appeal from a conviction of murder in the first degree.

Prior to the murder appellant, Julia Ferrick, had been committed to and discharged from Western State Hospital on three separate occasions. She was last discharged in June of 1969.

Not long after the last discharge, appellant stopped taking her prescribed medication and her condition worsened. As a result, her mother discussed the possibility of appellant's recommitment with appellant's caseworker and with other members of the family. When appellant learned of this, she told her mother that she would kill her if she tried to recommit her. On October 23, 1969, appellant killed her mother. She stabbed the victim numerous times and beat and strangled her as well. A more explicit description of the extreme brutality of the incident will serve no purpose.

On November 14, 1969, the trial court found appellant incompetent to stand trial. She was ordered confined at Western State Hospital until she became competent to proceed. On January 19, 1972, after a hearing, she was found to be competent to stand trial. She pleaded not guilty by reason of insanity.

Thereafter, a jury found appellant guilty of first-degree murder, but did not impose the death penalty. The jury did, however, make a special finding that appellant was armed with a deadly weapon at the time of the murder.

■ Appellant makes 29 assignments of error, however, she has failed to present argument in support of 13 of them. Since none of the 13 appear on their face to have merit, we will not consider them further. *State v. Alden,* 73 Wn.2d 360, 438 P.2d 620 (1968).

■ Initially, appellant argues that we should adopt the American Law Institute test for criminal accountability. However, she adds nothing substantial to those matters

considered in *State v. Reece,* 79 Wn.2d 453, 486 P.2d 1088 (1971), where we decided to retain the M'Naghten rule. We see no reason to depart from that decision at this time.

■ Next, appellant asserts that the instructions on insanity were confusing and therefore prejudicial. We do not agree. Instruction No. 16 properly stated the M'Naghten rule; instruction No. 7 properly excluded any theory of temporary insanity due to passion and not due to an inherent defect of the mind; and, instruction No. 16a properly rejected irresistible impulse as a defense. While no one specifically used the term "irresistible impulse" during the trial, nevertheless, one of appellant's psychiatrists introduced that concept by improperly including the subject of self-control in his explanation of the M'Naghten rule. As a whole, the instructions were readily understandable, were not misleading, and were, therefore, sufficient. *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968).

Appellant also assigns error to the trial court's refusal to instruct the jury on diminished mental capacity and manslaughter. The trial court did not err. Appellant contends that whether her mental capacity to form a specific intent to kill her mother was diminished by mental disease was an issue of fact for the jury even though the disease may not have constituted criminal insanity.

■ The presence of a mental condition not amounting to criminal insanity is relevant to the elements or degrees of certain crimes involving specific intent. *See State v. White,* 60 Wn.2d 551, 374 P.2d 942 (1962) and *State v. Carter,* 5 Wn. App. 802, 490 P.2d 1346 (1971). *See also People v. Moran,* 249 N.Y. 179, 163 N.E. 553 (1928); *People v. Wells,* 33 Cal. 2d 330, 202 P.2d 53, *cert. denied,* 338 U.S. 836, 94 L. Ed. 510, 70 S. Ct. 43 (1949); and *State v. DiPaolo,* 34 N.J. 279, 168 A.2d 401 (1961). Thus, competent evidence of such a condition is admissible wherever it tends logically and by reasonable inference to prove or disprove that a defendant was capable of forming a required specific intent.

However, in order to support an instruction on diminished mental capacity not only must there be substantial

evidence of such a condition, but the evidence must logically and reasonably connect the defendant's alleged mental condition with the asserted inability to form the required specific intent to commit the crime charged. *See State v. Carter, supra.*

In the present case, the evidence does not provide the necessary nexus. There is no substantial evidence to establish that appellant's alleged mental condition diminished or destroyed her capacity to form the specific intent to kill her mother. Thus, the trial court properly refused to instruct the jury on diminished mental capacity and manslaughter.

■ Appellant next contends the trial court erred in denying her motion to waive a jury trial either as to the entire case or as to the issue of guilt. We find no error. RCW 9.48.030, and RCW 10.01.060 require trial by jury when one is charged with first-degree murder. *State v. Boggs,* 80 Wn.2d 427, 433, 495 P.2d 321 (1972); *State v. Baker,* 78 Wn.2d 327, 334, 474 P.2d 254 (1970). RCW 10.01.060 precluded the trial court from allowing appellant to waive trial by jury either as to the entire trial or as to the issue of guilt.

Appellant's reliance on *State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970), and *Hawkins v. Rhay,* 78 Wn.2d 389, 474 P.2d 557 (1970), is not well founded. We held that in an appropriate case there can be bifurcated trials on the issues of guilt and punishment. However, the allowance of a bifurcated trial in these cases does not change the impact of RCW 10.01.060, which required a jury trial in the present case.

■ Appellant also contends without citing any authority, that *Furman v. Georgia,* 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972), "rendered null" RCW 10.01.060. The argument is without merit here. *Furman* was not decided until nearly six months after the trial of the present case. The United States Supreme Court has not applied *Furman* retroactively in this type of case and we do not think it is advisable to do so. It is sufficient that at the time the instant case was tried, the statutes in question required the

jury to determine whether the death penalty should be imposed.

Next, appellant argues that in light of *Furman* the trial court erred in permitting the jury to consider the death penalty and in selecting the jury according to the requirements of *Witherspoon v. Illinois,* 391 U.S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1770 (1968). She does not contend that there was a failure to meet the standard of *Witherspoon.* Rather, she asserts that the manner of selecting juries according to *Witherspoon* should be declared retroactively unconstitutional under the reasoning of *Furman.*

Just prior to appellant's trial we held that *Witherspoon* provided an appropriate standard for the selection of juries in capital cases. *State v. Music,* 79 Wn.2d 699, 489 P.2d 159 (1971). We do not agree that the rationale of *Furman* would support a holding that a jury properly selected according to *Witherspoon* is retroactively unconstitutional. There is no error because there is no showing that appellant failed to receive a fair and proper trial under the statutes and case law as it then existed.

Finally, appellant charges that the trial court erred by admitting, as evidence, several black and white photographs of the deceased. She contends the probable prejudicial effect outweighed their probative value. We disagree.

One cannot alter the fact that the crime was committed in a most gruesome manner. Examined in the light of *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969), the photographs were properly admitted. They were relevant to show the violent nature and extent of the stabbing and beating as well as the strangulation, thus, properly illustrating the manner of death.

Judgment affirmed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied April 9, 1973.