[No. 3221-1.    Division One.    August 4, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL DEBERRY MARTIN, *Appellant*.

*Lish Whitson* of *Seattle-King County Public Defender*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Geoffrey G. Revelle, Deputy*, for respondent.

CALLOW, J.—The defendant was convicted of second-degree assault. He raises two issues on appeal:

1. Was it error to refuse psychiatric evidence concerning his mental condition, and

2. Was it error to refuse a proposed instruction on criminal intent.

The first contention is that the testimony of a psychiatrist who examined the defendant several days after his arrest should have been admitted. Defense counsel stated in the absence of the jury:

> [I]t is my offer of proof that, number one, he [the psychiatrist] would form the opinion that Mr. Martin is schizophrenic. He would state what to him that means, and I would then ask him a hypothetical. The hypothetical would have to do with, if a person were schizophrenic, if they had been off their medication for from four to 12 days—and 12 days is the specific period of time that Mr. Martin will testify that he had been off the medication—if the person perceived that he was in danger or placed in a position where he felt he was in danger, is it possible or probable under those [sic] set of circumstances that the person would overreact or perceive that danger as being a lethal danger.
>
> And it's my understanding that . . . he would . . . answer . . . in the affirmative.

The State objected to this proffered testimony on the ground that the defendant did not lay a proper foundation. The prosecution says the offer of proof did not properly submit proposed testimony on the defendant's lack of capacity to form the specific intent to commit the crime. The defendant asserts the evidence proposed related to an emotional condition which was "relevant to the specific intent required by the statute."

When the crime charged involves a specific intent, a defendant may offer evidence to prove that he was mentally incapable of forming such an intent. The defense may be raised in the presence or in the absence of a plea of insanity. *State v. Welsh*, 8 Wn. App. 719, 724, 508 P.2d 1041 (1973), said: "A charge of second-degree assault involves the element of specific intent." At page 722, the court stated:

> It is not necessary to plead mental irresponsibility in order to prove lack of intent. Evidence of mental disease or defect which falls short of criminal insanity is admissible if relevant to prove lack of specific intent.

It was observed in *State v. Ferrick*, 81 Wn.2d 942, 944-45, 506 P.2d 860 (1973):

> The presence of a mental condition not amounting to criminal insanity is relevant to the elements or degrees of certain crimes involving specific intent. . . . Thus, competent evidence of such a condition is admissible wherever it tends logically and by reasonable inference to prove or disapprove that a defendant was capable of forming a required specific intent.
>
> However, in order to support an instruction on diminished mental capacity not only must there be substantial evidence of such a condition, but the evidence must logically and reasonably connect the defendant's alleged mental condition with the asserted inability to form the required specific intent to commit the crime charged.

(Citations omitted.) In *United States v. Brawner*, 471 F.2d 969 (D.C. Cir. 1972), the court stated at page 1002:

> Our rule permits the introduction of expert testimony as to abnormal condition if it is relevant to negative, or establish, the specific mental condition that is an element of the crime. The receipt of this expert testimony to negative the mental condition of specific intent requires careful administration by the trial judge. Where the proof is not offered in the first instance as evidence of exonerating mental disease or defect . . . the judge may, and ordinarily would, require counsel first to make a proffer of the proof to be adduced outside the presence of the jury. The judge will then determine whether the testimony is grounded in sufficient scientific support to warrant use in the courtroom, and whether it would aid the jury in reaching a decision on the ultimate issues.

(Footnote omitted.)

■ Before expert medical testimony stating that a defendant's mental condition made him incapable of forming a specific intent may be admitted, a foundation must be laid[1] which (a) shows that the expert is qualified to testify

---

[1]*See United States v. Brawner*, 471 F.2d 969, 998 (D.C. Cir. 1972); *State v. Moore*, 7 Wn. App. 1, 7, 499 P.2d 16 (1972); *State v. Carter*, 4 Wn. App. 115, 479 P.2d 543, *aff'd on rehearing*, 5 Wn. App. 802, 490 P.2d 1346 (1971). *See also* Annot., 22 A.L.R.3d 1228 (1968, Supp. 1974); W. LaFave & A. Scott, *Criminal Law* § 42 (1972); Model Penal Code §

on the subject by training and experience and that the testimony will be based upon facts relating to the defendant and the case;[2] (b) exhibits that the testimony will be based upon reasonable medical certainty;[3] and (c) connects a mental disorder of the defendant with an inability to form the specific intent to commit the crime charged.[4]

The offer of proof made by defendant fell short of meeting the requirements which must be met before testimony on a defendant's lack of capacity to form a specific intent may be admitted. The trial court did not err in refusing the proffered evidence.

■ The defendant next contends it was error to refuse his proposed instruction which would have informed the jury that the State was required to prove a "specific criminal intent on the part of the defendant," requiring the State to show that "the defendant knowingly did an act which the law forbids, purposely intending to violate the law." The court did instruct the jury that every person who willfully assaults another with a weapon or thing likely to produce bodily harm is guilty of assault in the second degree, and that the word "willfully" means "intentionally and purposely and not accidentally." The instructions when read as a whole clearly required the State to prove that the

---

4.02; 1 C. Torcia, *Wharton's Criminal Evidence* § 222, at 472 (1972); Darrah, *The Revised Washington Criminal Code: A Defense Perspective*, 48 Wash. L. Rev. 111, 118, 122 (1972); Taylor, *Partial Insanity As Affecting the Degree of Crime—A Commentary on Fisher v. United States*, 34 Calif. L. Rev. 625 (1946); Weihofen & Overholser, *Mental Disorder Affecting the Degree of a Crime*, 56 Yale L. J. 959 (1947).

[2]5 R. Meisenholder, *Wash. Prac.* §§ 351-355 (1965, Supp. 1974).

[3]*See State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970); *State v. Moore*, 7 Wn. App. 1, 499 P.2d 16 (1972).

[4]*State v. Ferrick*, 81 Wn.2d 942, 506 P.2d 860 (1973), *cert. denied*, 414 U.S. 1094, 38 L. Ed. 2d 522, 94 S. Ct. 726 (1973); *State v. Huff*, 76 Wn.2d 577, 458 P.2d 180 (1969); *State v. Welsh*, 8 Wn. App. 719, 508 P.2d 1041 (1973); *State v. Moore*, 7 Wn. App. 1, 499 P.2d 16 (1972); *State v. Utter*, 4 Wn. App. 137, 479 P.2d 946 (1971); *State v. Carter*, 4 Wn. App. 115, 479 P.2d 543, *aff'd on rehearing*, 5 Wn. App. 802, 490 P.2d 1346 (1971). *See State v. Craig*, 82 Wn.2d 777, 514 P.2d 151 (1973); 5 R. Meisenholder, *Wash. Prac.* § 359 (1965, Supp. 1974).

defendant intended to commit the act. It was not necessary that the term "specific" be used to describe the intent which must be proven to have been fixed in the mind of the defendant. A similar instruction was proposed in *State v. Stewart*, 73 Wn.2d 701, 440 P.2d 815 (1968). It was held that use of the term "specific" in an instruction to the jury was unnecessary, the court stating that it was sufficient if an instruction is given defining the term "willfully" as meaning "intentionally and not accidentally." The defendant could argue his theory of the case, and it was not error to refuse the proposed instruction.

Affirmed.

WILLIAMS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied December 4, 1975.

Review denied by Supreme Court February 10, 1976.