No. 78–6603. LARSEN *v.* ILLINOIS. Sup. Ct. Ill. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

In *United States* v. *Wade,* 388 U. S. 218 (1967), this Court held that a postindictment lineup is a critical prosecutive stage in which an accused is entitled to have counsel present under the Sixth Amendment. In reliance on *Wade* the highest court of the State of New York has held that a pretrial psychiatric examination is also a critical stage in which the accused has a right to have defense counsel present. *Lee* v. *County Court,* 27 N. Y. 2d 432, 267 N. E. 2d 452, cert. denied, 404 U. S. 823 (1971). Accord, *State* v. *Corbin,* 15 Ore. App. 536, 516 P. 2d 1314 (1973); *State* v. *Anderson,* 8 Wash. App. 782, 509 P. 2d 80 (1973).

In the instant case, however, the Supreme Court of Illinois has refused to extend *Wade*'s Sixth Amendment analysis to pretrial psychiatric examinations and thus has aligned itself with every Federal Court of Appeals that has decided the issue, *e. g., United States* v. *Trapnell,* 495 F. 2d 22 (CA2 1974); *United States* v. *Greene,* 497 F. 2d 1068 (CA7 1974), cert. denied, 420 U. S. 909 (1975), and with many other state courts, *e. g., People* v. *Martin,* 386 Mich. 407, 192 N. W. 2d 215 (1971), cert. denied, 408 U. S. 929 (1972); *State* v. *Wilson,* 26 Ohio App. 2d 23, 268 N. E. 2d 814 (1971).

In view of the conflict among highest state courts over whether a pretrial psychiatric examination constitutes a critical prosecutive stage in which the accused is entitled to have counsel present under the Sixth Amendment, I would grant this petition and accordingly dissent from the Court's refusal to do so.