[No. 46872. En Banc. November 13, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CLEVELAND ALTON JAMISON, *Petitioner.*

*William N. Goodwin,* for petitioner.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

BRACHTENBACH, J.—Defendant Jamison was convicted by a jury of four counts of first degree rape, one count of second degree assault, and one count of promoting a suicide. He appealed; the Court of Appeals affirmed. *State v. Jamison,* 25 Wn. App. 68, 604 P.2d 1017 (1979). We granted review limited to an alleged error for failure to give an instruction on the defense of insanity. We affirm the Court of Appeals.

The elements of the defense of insanity are contained in RCW 9A.12.010:

> To establish the defense of insanity, it must be shown that:
> (1) At the time of the commission of the offense, as a result of mental disease or defect, the mind of the actor was affected to such an extent that:
> (a) He was unable to perceive the nature and quality of the act with which he is charged; or
> (b) He was unable to tell right from wrong with reference to the particular act charged.
> (2) The defense of insanity must be established by a preponderance of the evidence.

The two elements are in the disjunctive. The defendant does not claim that he was unable to tell right from wrong.

In fact, he testified that he knew that his actions were wrong.

Defendant, rather, attempts to bring himself within the other prong of the statute, *i.e.,* that he was unable to perceive the nature and quality of the acts with which he was charged. To establish that defense, defendant relied upon the testimony of a clinical psychologist who testified that defendant was "significantly limited in his ability to perceive the nature and quality of the acts for which he was charged." On cross-examination the psychologist said he could not conclude that defendant was completely unable to perceive the nature and quality of these acts.

The Court of Appeals held that this testimony was a mere scintilla, not substantial evidence. Therefore, that evidence would not support a jury instruction. We believe it unnecessary to determine whether the evidence was a scintilla or substantial. Even if it was substantial, it did not meet the statutory criteria. RCW 9A.12.010(1)(a) requires that defendant be *unable* to perceive the nature and quality of the charged act. The psychologist testified that defendant was significantly *limited* in his ability to so perceive. Being limited, even significantly, does not equate with the statutory standard of being unable to perceive. Unable means incapable, not merely possessed of a limited capability.

We have held that the requirement for application of the insanity defense is very rigorous. It is available only to those "who have lost contact with reality so *completely* that they are beyond any of the influences of the criminal law." (Italics ours.) *State v. White,* 60 Wn.2d 551, 590, 374 P.2d 942 (1962), *cert. denied,* 375 U.S. 883, 11 L. Ed. 2d 113, 84 S. Ct. 154 (1963); *accord, State v. McDonald,* 89 Wn.2d 256, 272–73, 571 P.2d 930 (1977). The trial judge was correct when he ruled that the testimony wholly failed to meet the statutory test.

The Court of Appeals noted that even if the evidence were substantial it does "not logically and reasonably connect defendant's alleged mental condition with his asserted

inability to form the required specific intent to commit the crime charged." 25 Wn. App. at 76. This comment injects an element not urged by the defendant and appears to involve the concept of diminished capacity rather than the defense of insanity. The case cited by the Court of Appeals, *State v. Martin,* 14 Wn. App. 74, 538 P.2d 873 (1975), dealt only with diminished capacity. The two theories should not be intermixed and the theory of diminished capacity is not applicable here. *See State v. Ferrick,* 81 Wn.2d 942, 944–45, 506 P.2d 860, *cert. denied,* 414 U.S. 1094, 38 L. Ed. 2d 552, 94 S. Ct. 726 (1973).

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.