# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73813-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| SHAUN WEBB, | ) | |
| Appellant. | ) | FILED: November 28, 2016 |

TRICKEY, A.C.J. — Shaun Webb appeals his conviction for custodial assault. He argues that the trial court erroneously granted the State's motion in limine barring evidence of his mental illness, thereby precluding him from presenting a defense. Because his counsel did not raise a diminished capacity defense, we hold that barring evidence of his mental illness did not interfere with his right to present a defense. Webb also argues that his trial counsel failed to provide effective representation by not raising the defense of diminished capacity. The record is insufficient to find ineffective assistance of counsel, and we affirm.

## FACTS

Webb is an inmate at the Washington State Department of Corrections Monroe Correctional Complex. He resides in the Special Offender Unit, which is reserved for inmates with diagnosed mental health conditions and other behavioral difficulties. On May 14, 2014, Webb met with Alicia St. John, his mental health counselor. The meeting took place in the Correctional Complex's program room, and Sergeant Dennis Bennett accompanied Webb.

During the meeting, Webb became agitated. Sergeant Bennett repeatedly ordered Webb to return to his cell. St. John was instructed to leave the program

room and Sergeant Bennett issued a distress signal for the Quick Response Strike Team, who responded rapidly.

Sergeant Bennett ordered Webb to kneel down, which Webb refused to do. Sergeant Bennett grabbed Webb's right arm, which Webb pulled away. Webb closed his hand into a fist, and punched Sergeant Bennett in his temple. Multiple correctional officers tackled Webb, restrained him, and escorted him to segregation.

Webb was charged with one count of custodial assault against Sergeant Bennett.

Prior to trial, the State moved in limine to exclude evidence related to Webb's mental health diagnoses or conditions. Webb stated that he was only raising a general denial defense, not one based on diminished capacity.

The trial court granted the State's motion in limine, reasoning that Webb's mental condition was not relevant to an element of custodial assault if a defense of diminished capacity was not raised.

The jury convicted Webb of custodial assault. He appeals.

ANALYSIS

Motion in Limine

Webb argues that the trial court deprived him of his constitutional right to present a defense when it granted the State's motion in limine to exclude evidence relevant to his mental illness. We disagree.

"'The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.'" State v.

2

Jones, 168 Wn.2d 713, 720, 230 P.3d 576 (2010) (quoting Chambers v. Mississippi, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)). This encompasses a defendant's right to an opportunity to be heard in his defense, including the rights to confront and cross-examine witnesses against him and offer testimony. State v. Darden, 145 Wn.2d 612, 620, 41 P.3d 1189 (2002) (citing Washington v. Texas, 388 U.S. 14, 23, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967)).

This right is not absolute, and defendants do not have a right to have irrelevant evidence admitted. Darden, 146 Wn.2d at 624; ER 402. But if evidence is relevant, it must be admitted unless the State can show that the evidence is so prejudicial that it would disrupt the fairness of the fact-finding process. Darden, 145 Wn.2d at 622.

"A person is guilty of custodial assault if that person is not guilty of an assault in the first or second degree and where the person . . . [a]ssaults a full or part-time staff member or volunteer . . . at any adult corrections institution or local adult detention facilities who was performing official duties at the time of the assault." RCW 9A.36.100(1)(b). Washington courts apply common law definitions of the elements of "assault." State v. Aumick, 73 Wn. App. 379, 382, 869 P.2d 421 (1994). An essential element of assault is the specific intent either to create apprehension of bodily harm or to cause bodily harm. State v. Byrd, 125 Wn.2d 707, 713, 887 P.2d 396 (1995).

A defendant may raise the defense of diminished capacity to argue that he or she lacked the ability to form a specific intent due to a mental disorder not amounting to insanity. State v. Ferrick, 81 Wn.2d 942, 944, 506 P.2d 860 (1973).

A decision to admit or exclude evidence lies within the sound discretion of the trial court. State v. Neal, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001). A court "necessarily abuses its discretion by denying a criminal defendant's constitutional rights." State v. Perez, 137 Wn. App. 97, 105, 151 P.3d 249 (2007). This court reviews a claim of denial of constitutional rights de novo. Brown v. State, 155 Wn.2d 254, 261, 119 P.3d 341 (2005). Therefore, this court reviews Webb's claim of denial of his Sixth Amendment rights de novo. State v. Iniguez, 167 Wn.2d 273, 280-81, 217 P.3d 768 (2009).

Webb argued that the officers' knowledge of his mental status was relevant to show the officers' motivation and bias in their actions toward him. Webb argued that the officers knew of his mental illness, and the evidence would be relevant to showing the jury the context of the incident. In addition, Webb argued it would be relevant in terms of cross-examining the officers on their actions toward Webb. Webb specifically stated that he was not planning to offer evidence of his mental condition for the purpose of proving the bias of the State's witnesses.

These arguments are insufficient to show that evidence of Webb's mental status is relevant to his charge of custodial assault absent a defense of diminished capacity. Webb was not offering evidence of his mental status to show that one the elements of custodial assault had not been met. He was also not offering it to show that the officers would be biased in their testimony against him. Rather, it was being offered to show the officers' actions toward Webb. Because evidence of Webb's mental status was not being offered to show that the elements of

custodial assault had not been met or that the officers may have been biased against him in their testimony at trial, the evidence was not relevant.

On appeal, Webb argues that his mental illness was relevant to his diminished capacity. A defendant may raise the defense of diminished capacity to argue that he or she lacked the ability to form a specific intent due to a mental disorder not amounting to insanity. Ferrick, 81 Wn.2d at 944. A defendant must produce expert testimony in support of a diminished capacity defense. State v. Atsbeha, 142 Wn.2d 904, 914, 16 P.3d 626 (2001). A witness may be qualified as an expert by knowledge, skill, experience, training, or education. ER 702. The defendant must disclose the identities and statements of those he intends to call as witnesses, the general nature of the defense raised, and a list of expert witnesses and the content of their testimony. CrR 4.7(b)(1), (b)(2)(xiv), (g). Washington courts do not consider issues raised for the first time on appeal unless it is a manifest error affecting a constitutional right. RAP 2.5(a)(3).

Prior to trial, Webb stated that he was raising a general denial defense, not one based on diminished capacity. This was before the trial court had ruled on the State's motion in limine. Webb was not precluded from raising the defense because of the court's granting of the motion in limine; he had already decided to not raise it. The trial court's granting of the motion did not prevent Webb from presenting a defense.

Webb also failed to produce an expert witness to corroborate a defense of diminished capacity, but argues on appeal that his mental health counselor, St. John, would have qualified. At trial, Webb offered St. John as a defense witness

5

to testify generally about his mental health status. Webb did not provide any information to qualify St. John as an expert witness. Webb's arguments on appeal that St. John was an expert witness who could testify as to his ability to form intent do not remedy trial counsel's failure to raise this issue below.

By not raising a diminished capacity defense, Webb did not put the effect of his mental status on his ability to form the requisite intent into issue. The trial court reasoned that, without a diminished capacity defense, Webb's mental status was irrelevant to showing that an assault had occurred. We agree.

## Ineffective Assistance of Counsel

Webb argues that he was denied effective assistance of counsel when his trial counsel failed to pursue a diminished capacity defense. The record before the court is insufficient to sustain a finding of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that "(1) defense counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant." State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009); Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Legitimate trial strategy cannot serve as the basis for a claim of ineffective assistance of counsel. State v. Aho, 137 Wn.2d 736, 745-46, 975 P.2d 512 (1999). An appellate court presumes that the defendant was properly represented and that performance was not deficient. State v. Lord, 117 Wn.2d 829, 883, 822 P.2d 177 (1991). Prejudice results when there is a reasonable probability that, but for counsel's errors, the result of the trial would have been

different. State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). If either part of the test is not satisfied, the inquiry ends. Lord, 117 Wn.2d at 883-84; State v. Fredrick, 45 Wn. App. 916, 923, 729 P.2d 56 (1986).

Where a claim of ineffective assistance of counsel is brought on direct appeal, the reviewing court will not consider matters outside the trial record. State v. Crane, 116 Wn.2d 315, 335, 804 P.2d 10, cert. denied, 501 U.S. 1237, 111 S. Ct. 2867, 115 L. Ed. 2d 1033 (1991); accord State v. Stockton, 97 Wn.2d 528, 530, 647 P.2d 21 (1982) (matters referred to in the briefing but not included in the record cannot be considered on appeal). The burden is on the defendant alleging ineffective assistance of counsel to show deficient representation based on the record established in the proceedings below. State v. McFarland, 127 Wn.2d 332, 335, 899 P.2d 1251 (1995).

Several cases have found ineffective assistance of counsel in the context of a failure to raise a defense. However, these cases involved instances where significant evidence in the record supported a defense theory that trial counsel did not adequately pursue. See State v. Cienfuegos, 144 Wn.2d 222, 225, 25 P.3d 1011 (2001) (defendant's impairment due to withdrawal symptoms and cognitive disorder supported by expert testimony); In re Pers. Restraint of Humbert, 138 Wn. App. 924, 928-29, 158 P.3d 1282 (2007) (defendant's testimony supported defense of reasonable belief that other person was not mentally incapacitated to attempted rape); State v. Powell, 150 Wn. App. 139, 154-56, 206 P.3d 703 (2009) (testimony of defendant, witness, and victim supported defense of reasonable belief that other person was not mentally incapacitated to attempted rape);

Thomas, 109 Wn.2d at 227-28 (defense theory of the case was that the defendant was too intoxicated to form the requisite intent, but counsel did not request a diminished capacity instruction or make the subjectivity of the required intent clear despite introduction of facts supporting the instructions); State v. Tilton, 149 Wn.2d 775, 784, 72 P.3d 735 (2003) (despite incomplete record, sufficient evidence submitted during trial and references during sentencing hearing to expert opinions supporting unpursued defense theory to merit new trial).

A claim of ineffective assistance of counsel presents a mixed question of fact and law and is reviewed de novo. In re Pers. Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001).

Here, the record is insufficient to support a finding of ineffective assistance of counsel. Webb's trial counsel was aware of Webb's mental illness diagnoses. But there is no evidence in the record explaining how these diagnoses would have been related to a diminished capacity defense. Webb did not produce any expert testimony or affidavits to show that his mental illness affected his ability to form the intent required for custodial assault. The record does not disclose the reason why Webb's trial counsel elected to not pursue a diminished capacity defense, and we cannot evaluate whether this decision fell within the range of acceptable representation.

We disagree with the State's position that the record is complete and Webb's testimony at trial is sufficient to find that he did not suffer from diminished capacity. We are not in a position to evaluate Webb's mental state at the time of the incident. The trial court excluded evidence of Webb's mental health status, no

8

testimony or affidavits concerning Webb's mental condition were submitted, and Webb's trial testimony is not a sufficient basis for the court to evaluate his diminished capacity.

We affirm.

_Trickey, ACJ_

WE CONCUR:

_Schindler, J_

_Cox, J._