*States,* 354 U. S. 449, 453. The Court of Appeals effectively has deprived petitioners of the protection afforded by Rule 5 (b), even though there is no reason to believe that they were less vulnerable to the overbearing effects of custodial interrogation. The policies underlying Rule 5 (b) apply with as much force to the accused already in custody pursuant to an unrelated conviction as they do to the accused in custody solely on the basis of the alleged offense. Indeed, in the case at hand, the danger of overreaching by prison officials is vividly apparent from the very fact that petitioners were placed in segregated confinement. Certainly, it cannot be suggested that petitioners, because they previously had been convicted of another offense, were any less entitled to the rudimentary procedures afforded to a person who stands accused of a crime.

I would grant the petition for a writ of certiorari solely to consider whether petitioners should have been arraigned promptly after the alleged offense.

No. 72–5273. MYERS *v.* PINNOCK. Sup. Ct. Wash. Motion to consolidate with No. 72–5075 [*Myers* v. *Washington*] granted. Certiorari denied.

*Rehearing Denied*

No. 71–651. CALIFORNIA *v.* KRIVDA ET AL., *ante,* p. 33;

No. 72–42. DURST *v.* NATIONAL CASUALTY CO. ET AL., *ante,* p. 967;

No. 72–159. DURST *v.* UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT ET AL., *ante,* p. 947;

No. 72–160. DURST *v.* UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, *ante,* p. 946;

No. 72–324. CARTER *v.* UNITED STATES, *ante,* p. 984;

No. 72–5150. GARCIA-TURINO *v.* UNITED STATES, *ante,* p. 951; and

No. 72–5171. SIBONGA *v.* ADMINISTRATOR OF VETERANS AFFAIRS, *ante,* p. 952. Petitions for rehearing denied.