**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roberto SANCHEZ–RODRIGUEZ,**
**Defendant-Appellant.**

**No. 72–2900.**

United States Court of Appeals,
Ninth Circuit.

March 7, 1973.

---

Mobley M. Milam, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Michael E. Quinton and Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY and WALLACE, Circuit Judges, and REAL,* District Judge.

REAL, District Judge:

Appellant was charged in a twelve-count indictment with one count of conspiracy (18 U.S.C. § 371) and eleven counts of transporting aliens (8 U.S.C. § 1324(a)(2)). He was convicted by a jury and now claims on appeal several errors which invalidate the conviction. We affirm.

On June 5, 1972 at approximately 2:30 A.M. Border Patrol Agents while sign-cutting five or six miles north of the United States-Mexico border near Campo were led to Highway 80 where they saw a pickup truck stop and leave.

Shortly, a Pontiac went by. Near the Boulder Oaks campground Border Patrol Agents stopped the pickup truck and discovered illegal aliens. A co-defendant, Jose Garcia-Suazo, was driving the truck.

Appellant's car was stopped and searched. In the search there was discovered a suitcase belonging to co-defendant Garcia. Upon a motion to suppress, the trial judge suppressed the admission of the suitcase.

During the trial co-defendant Garcia testified on behalf of the government and totally implicated the appellant in the arrangements and pickup of the illegal aliens.

Appellant testified at his trial denying any knowledge of the conspiracy and transportation of the illegal aliens. He offered the explanation of his presence upon Highway 80 as attempting to deliver a suitcase given to him by one Blanca in Tijuana.

During pretrial proceedings, appellant requested and was denied permission to go to Mexico to attempt to find Blanca to corroborate his story. An investigator employed by appellant testified that he had found Blanca in Mexico but that she refused to come to the United States to testify.

Appellant's assignments of error claim, (1) he was deprived of due process—his conviction resulting from an illegal arrest and use of evidence derived therefrom, (2) the court's denial of the motion to allow him to go to Mexico deprived him of his Sixth Amendment right to obtain witnesses on his behalf, (3) the prosecutor's argument deprived him of his Sixth Amendment right of confrontation, and (4) the court's refusal to give a mere presence instruction and modification of the accomplice instruction was error. We consider them seriatim:

1. *Illegal arrest.*

An illegal arrest does not a fortiori preclude prosecution and convic-

* Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

tion. Green v. United States, 460 F.2d 317 (5th Cir. 1972). Here the court suppressed the evidence obtained as the result of the arrest (legal or illegal) of appellant.

█ Appellant further complains that the questions of the prosecutor put to co-defendant Garcia while he was on the stand about the location of his suitcase was error. Appellant complains for the first time on appeal of the impropriety of these questions and cannot now be heard to complain, United States v. Machado, 457 F.2d 1372 (9th Cir. 1972); United States v. Jeffery, 473 F.2d 268 (9th Cir. 1973).

█ More to the point counsel for appellant cross-examined codefendant on this testimony. Appellant himself testified concerning the suitcase in the explanation of his presence on Highway 80 at the time of his arrest. Appellant cannot now be heard to complain of the failure of his own trial strategy.

### 2. *Denial of Motion to go to Mexico.*

█ Appellant's witness was located and refused to come to the United States because "She was afraid that her husband would beat her up". The trial court acted properly in refusing to allow a Mexican National to leave the jurisdiction of the United States with unresolved charges against him. An investigator employed for the purpose of finding Blanca afforded appellant all his Sixth Amendment rights. A continuance of the trial date was given permitting the investigator time to accomplish the proposed investigation.

The record is totally devoid of appellant's attempt to use the procedures made available to him by Rule 15 of the Federal Rules of Criminal Procedure. That procedure would have assured him of the testimony he claimed was so vital to his defense. There was no constitutional infirmity in the court's refusal to permit appellant to personally go to Mexico.

### 3. *Prosecutor's argument.*

█ During pretrial proceedings appellant and the government entered into a stipulation concerning the testimony of the alien witnesses so they could be returned immediately to Mexico. This stipulation provided that none of the aliens could testify they knew appellant.

In apparent contravention of the stipulation, the prosecutor argued that not knowing the appellant did not in fact mean they could not identify him. Objection was made by appellant's counsel and the court immediately instructed the jury and restated the stipulation and the nature of stipulated evidence as testimony. The error, if any, was neither significant nor prejudicial particularly since identification of the appellant was not necessary in any way to sustain the conviction on count one (conspiracy). Co-defendant Garcia's testimony in itself was sufficient to convict. If the argument by the prosecutor was not totally dissipated by the corrective action of the court, it was so insignificant that counsel for appellant did not consider it of sufficient gravity to move for a mistrial. Appellant's counsel appears to have been satisfied at the trial. We agree.

### 4. *Court's instructions.*

█ The court's addition that "It is for you, the jurors, to determine whether or not the testimony of an accomplice is supported by other evidence in the case" clearly imports the jury's function as finders of the facts. The instruction is proper.

█ The failure to give a "mere presence" instruction is not error in light of the evidence and the consideration of the charge of the court to the jury in its entirety.

█ The record does not disclose the objection of appellant's counsel to the proposed addition to the "accomplice" instruction or the omission of the "mere presence" instruction. It is not plain error.

The judgment is affirmed.