**UNITED STATES of America,
Appellee,**

v.

**Joseph Damion LOVATO, Appellant.**

**No. 74–3088.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1975.

Certiorari Denied Nov. 17, 1975.
See 96 S.Ct. 392.

---

Charles G. Rubin, Los Angeles, Cal., for appellant.

Paul G. Flynn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

## OPINION

Before KOELSCH and GOODWIN, Circuit Judges, and WOLLENBERG,* District Judge.

PER CURIAM:

Defendant asserts that Mexican Army personnel, acting in effect as agents of the United States, engaged in misconduct in the course of his expulsion from that country and delivery to the United States officers at the border; he contends that he is entitled to have his prosecution for offenses against the United States terminated under the supervisory power of the courts in order to discourage prosecutorial misconduct. We adhere to our former decisions, and affirm this narcotics conviction.

■ Lovato relies upon *United States v. Toscanino,* 500 F.2d 267 (2d Cir.), *petition for rehearing en banc denied,* 504 F.2d 1380 (1974). We need not decide whether, if faced with a set of facts like those of *Toscanino,* we might find that decision helpful. The allegations of official participation by United States officers in Lovato's repatriation (by force) from Mexico fall within the *Ker-Frisbie* doctrine [1] and an unbroken line of cases in this circuit holding that forcible return to the jurisdiction of the United States constitutes no bar to prosecution once the defendant is found within the United States.[2]

We note further that the Second Circuit, after its decision in *Toscanino,* has refused to extend that holding to a Toscanino codefendant who also claimed that he had been kidnaped by South Americans who were the paid agents of, and directed by, United States government agents. *See United States ex rel. Lujan v. Gengler,* 510 F.2d 62 (2d Cir. 1975). The *Lujan* case makes it clear that even in the light of *Toscanino,* the Second Circuit continues to follow the *Ker-Frisbie* line of cases unless the person claiming that he was kidnaped makes a strong showing of grossly cruel and unusual barbarities inflicted upon him by persons who can be characterized as paid agents of the United States. *Cf.*

---

* The Honorable Albert C. Wollenberg, United States District Judge for the Northern District of California, sitting by designation.

1. *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886), and *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), held that the manner of a defendant's entry into the United States did not affect the court's power to proceed.

2. *United States v. Cotten,* 471 F.2d 744, 748 (9th Cir.), *cert. denied,* 411 U.S. 936, 93 S.Ct. 1913, 36 L.Ed.2d 396 (1973); *United States v. Hamilton,* 460 F.2d 1270 (9th Cir. 1972); *Bacon v. United States,* 449 F.2d 933, 943 (9th Cir. 1971) (a material witness); *Wentz v. United States,* 244 F.2d 172, 176 (9th Cir.), *cert. denied,* 355 U.S. 806, 78 S.Ct. 49, 2 L.Ed.2d 50 (1957).

*In re Weir,* 495 F.2d 879 (9th Cir.), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974).

■ In the case at bar, when Lovato's affidavit is stripped of its opinions, suspicions, and conclusions, his allegations amount to little more than the scenario of a routine expulsion by Mexican officers of an undesirable alien. Lovato's delivery at the United States border into the hands of officers who were undoubtedly expecting him created no bar to his prosecution.

Affirmed.