**Jose David MEDINA–SANDOVAL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 74–3319.**

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1975.

David F. Aberson (argued), Encino, Cal., for petitioner.

James R. Dooley, Asst. U. S. Atty. (argued), Los Angeles, Cal., for respondent.

OPINION

Before HUFSTEDLER and WRIGHT, Circuit Judges, and WOLLENBERG,* District Judge.

PER CURIAM:

While walking to a restaurant in Pasadena, California, at 6:30 a.m., Medina-Sandoval was stopped by immigration officers and asked whether he had his "green card." [1] After giving a negative reply, he was directed to accompany the officers, taken to a bus, and transported, along with about 40 other persons, to an Immigration Office. During an interrogation there, he admitted that he had been born in El Salvador and that he had not been inspected by an immigration officer upon entry into the United States. He was subsequently arrested and detained. Two days later the I&NS commenced deportation proceedings by issuing an order to show cause which alleged the facts admitted during the interrogation.

* Honorable Albert C. Wollenberg, Northern District of California, sitting by designation.

1. The Alien Registration Receipt Card (Form I–151), which at one time was green in color, is commonly referred to as the "green card." *See Gooch v. Clark* (9th Cir. 1970) 433 F.2d 74, 76.

At the deportation hearing Medina-Sandoval's counsel moved to dismiss the proceedings on the ground that the stop and detention leading to the interrogation were unlawful. The Special Inquiry Officer denied the motion to dismiss and held that the stop was within the authority granted by section 287(a)(1) of the Immigration and Nationality Act (8 U.S.C. § 1357(a)(1)),[2] and that even if it were not, an unlawful stop would not invalidate the deportation proceeding. Following this ruling, Medina-Sandoval, through counsel, admitted the allegations in the order to show cause, was found deportable, and was granted voluntary departure.

The Board of Immigration Appeals dismissed the appeal, holding that the illegality of an arrest does not destroy a later, valid proceeding. Since no evidence obtained through the stop and arrest was used to establish deportability, the Board found that even if the arrest were unlawful, the deportation proceeding was valid.

In this petition for review Medina-Sandoval renews his claim that he was stopped illegally and contends that the illegal stop renders the entire proceeding invalid. Assuming that the stop was unlawful, we affirm the Service's decision.

█ The Immigration Service did not rely on any statements made by Medina-Sandoval during the interrogation at the Immigration Office. He was found deportable because of his admissions at the hearing, given voluntarily and with the advice of counsel. Thus, there was no unlawfully acquired evidence to be suppressed, and the exclusionary rule is not applicable.

█ Were this a criminal proceeding, the illegality of the arrest would not invalidate a subsequent prosecution and conviction. (*United States v. Sanchez-Rodriguez* (9th Cir. 1973) 475 F.2d 61; *Green v. United States* (5th Cir. 1972) 460 F.2d 317; *United States v. Villella* (9th Cir. 1972) 459 F.2d 1028. *See Frisbie v. Collins* (1952) 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; *Ker v. Illinois* (1886) 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421.) *A fortiori*, an unlawful stop does not bar commencement of a civil deportation proceeding. (*Cf. Lavoie v. I&NS* (9th Cir. 1969) 418 F.2d 732 (Sixth Amendment safeguards not fully applicable to deportation proceedings).) In *United States ex rel. Bilokumsky v. Tod* (1923) 263 U.S. 149, 158, 44 S.Ct. 54, 68 L.Ed. 221, the Supreme Court noted that "[i]rregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law." At least three Circuit Courts of Appeals have followed *Bilokumsky* in circumstances similar to those in this case. (*Guzman-Flores v. I&NS* (7th Cir. 1974) 496 F.2d 1245; *La Franca v. I&NS* (2d Cir. 1969) 413 F.2d 686; *Klissas v. I&NS* (1966), 124 U.S.App.D.C. 75, 361 F.2d 529.) We see no reason to disagree with those cases in the circumstances presented here.

The order of voluntary departure is affirmed.

---

**2.** 8 U.S.C. § 1357(a)(1) authorizes officers or employees of the Service "to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States."