## MATTER OF MEJIA

### In Deportation Proceedings

### A-21327181

*Decided by Board September 1, 1976*

(1) In this case the immigration judge relied upon a Record of Deportable Alien (Form I-213), an official Service record which bore the signature of a Service officer. Respondent did not challenge the reliability of this official record nor submit evidence to show any impropriety in his arrest by customs officers or interrogation by a Service officer. Absent proof that the Form I-213 contains information that is incorrect or which was obtained by coercion or force, that document is inherently trustworthy and would be admissible even in Court as an exception to the hearsay rule as a public record and report under Rule 803(8) of the Federal Rules of Evidence.

(2) Although evidence actually seized during an illegal arrest may be suppressed in a criminal proceeding, the mere fact of illegal arrest has no bearing on a subsequent deportation proceeding.

(3) The circumstances of respondent's arrest and detention by customs officers are not relevant to the admissibility of the Record of Deportable Alien because it is an official record of the Service which is admissible in deportation proceedings to show respondent's unlawful entry into the United States and constitutes the evidentiary basis for finding that the respondent is deportable.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
517 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Brian H. Simpson
Trial Attorney

On April 22, 1976, we dismissed respondent's appeal from a decision of an immigration judge dated December 19, 1975, finding the respondent deportable and granting him voluntary departure. This case is now before us on a motion to reconsider our previous decision. Counsel has also requested us to grant a stay of execution of our order of April 22, 1976, pursuant to 8 C.F.R. 3.8(a) pending consideration of the respondent's motion to reconsider. Counsel has advised us that the respondent has filed a Petition for Review in the United States Court of Appeals for the Ninth Circuit. The motion to reconsider and the request for a stay of execution of our decision of April 22, 1976, will be denied.

The respondent is a 33-year-old single male alien, a native and citizen of El Salvador. An Order to Show Cause issued on October 22, 1975, alleged that the respondent entered the United States without inspection near San Ysidro, California on or about January 1, 1972. At his hearing, the respondent denied the factual allegations contained in the Order to Show Cause and did not concede deportability. On the advice of counsel, respondent refused to answer questions concerning the charge claiming the privilege against self-incrimination under the Fifth Amendment of the Constitution of the United States. He also did not make an oral or written statement on the issue of his deportability.

In this case the immigration judge relied upon a Record of Deportable Alien (Form I-213) (Ex. 2). That report contained information that the respondent was apprehended by a United States Customs Service patrol officer at Pier 50 in San Francisco, California, on October 22, 1975, during a patrol of the pier area. The respondent was turned over to officers of the Immigration and Naturalization Service on the same date. During an interview by Service investigators, the respondent stated that he last entered the United States on or about January 1, 1972, without inspection; and that he was smuggled into the United States for $150. The respondent stated to the Service investigators that he is living with a woman who is the mother of his United States citizen child; that he intends to marry this woman; and that he has three sisters who are United States citizens.

At the hearing, Gary Patterson, the United States Customs Service patrol officer who apprehended the respondent on October 22, 1975, testified that during a routine stop of a truck on Pier 50 in San Francisco, he inquired of the respondent (one of the occupants of the truck) if he was in the United States legally; and that the respondent replied to the officer that he was not in the United States legally. Charles L. Deatrick, a supervisory officer of the United States Customs Service, testified that the respondent was detained by officers of the United States Customs Service and subsequently turned over to two officers of the Immigration and Naturalization Service who were identified as "Guthrie" and "Smart."

Counsel argued at the hearing that the Record of Deportable Alien (Form I-213) was inadmissible as the product of an illegal seizure by officers of the United States Customs Service. The immigration judge properly rejected counsel's contention and overruled his objection to the admissibility of the Record of Deportable Alien. Counsel raises the same issue in his motion papers.

We note that courts have indicated that, although evidence actually seized during an illegal arrest may be suppressed in a criminal proceeding, the mere fact of illegal arrest has no bearing on a subsequent deportation proceeding. *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149

7

(1923); *Avila-Gallegos* v. *INS*, 525 F.2d 666 (2 Cir. 1975); *Medina-Sandoval* v. *INS*, 524 F.2d 658 (9 Cir. 1975); *Guzman-Flores* v. *INS*, 496 F.2d 1245 (7 Cir. 1974). The contention that the physical presence of an alien is "evidence" that may be suppressed as the "fruit of the poisoned tree" if the alien was illegally arrested was flatly rejected by the court in *Guzman-Flores* v. *INS, supra*, and to our knowledge has no judicial support. See also *Matter of Burgos and Burgos-Godoy*, Interim Decision 2375 (BIA 1970).

Exhibit 2, a Record of Deportable Alien (Form I-213), is an official Service record showing that the respondent is a native and citizen of El Salvador who entered the United States unlawfully. That report bears the signature of R. C. Smart, a Service investigator. Counsel has submitted nothing to challenge the reliability of the official record. Further, counsel has offered no evidence of impropriety in the respondent's arrest and detention by officers of the United States Customs Service or his subsequent interrogation by an officer of the Immigration and Naturalization Service. In the absence of any proof that the Form I-213 contains information which is incorrect or which was obtained by coercion or force, we find that this form is inherently trustworthy and would be admissible even in court as an exception to the hearsay rule as a public record and report. Fed. Rules of Evid., Rule 803(8). See *Matter of Davila*, Interim Decision _____ (BIA, August 23, 1976); *Matter of Swissair "Flight SR 168,"* Interim Decision 2403 (BIA 1975).

Furthermore, we conclude that the circumstances of respondent's arrest and detention by United States Customs Service patrol officers are not relevant to the admissibility of the Record of Deportable Alien. The Record of Deportable Alien is an official record of the Service and constitutes the evidentiary basis for finding that the respondent is deportable. The United States Court of Appeals for the Ninth Circuit has held that a Record of Deportable Alien (Form I-213) is admissible in deportation proceedings to show a respondent's unlawful entry into the United States. See *Trias-Hernandez* v. *INS*, 528 F.2d 367 (9 Cir. 1975).

In view of the foregoing, we find no basis for reconsidering the proceedings as requested. Furthermore, we conclude that the respondent's request for a stay of execution of our decision of April 22, 1976, is unnecessary. Accordingly, the following order will be entered.

ORDER: The motion to reconsider and the request for a stay of execution of our order of April 22, 1976, are denied.