577 F.2d 504
 Robert Warner MYERS, Petitioner-Appellant,
v.
B. J. RHAY, Respondent-Appellee.
 No. 76-3666.
 United States Court of Appeals,
Ninth Circuit.
 May 15, 1978.
 
 Philip Mahoney, Seattle, Wash., for petitioner-appellant.
 Thomas W. Hayton, Asst. Atty. Gen., Olympia, Wash., for respondent-appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before BROWNING and WALLACE, Circuit Judges, and RENFREW,* District Judge.
 PER CURIAM:
 
 
 1
 Appellant was convicted of first degree murder in Washington state court. He seeks a writ of habeas corpus, alleging various defects in his arrest, extradition, and trial. The court below found no basis for granting relief and denied the petition. We affirm.
 
 
 2
 In August, 1969, Marjorie Thomson was murdered in Olympia, Washington. After an extensive criminal investigation, a complaint charging appellant with the murder was filed in the Seattle District Justice Court and a warrant for his arrest was issued on December 18, 1969. The next day appellant was arrested in Arizona. After being given appropriate Miranda warnings, appellant waived his right to an extradition hearing and was taken by King County detectives to Seattle for trial. In the course of the plane flight from Phoenix to Seattle, appellant, after again receiving Miranda warnings, made a statement to detectives accusing an associate of the murder. He subsequently changed this statement and made a number of incriminating statements.
 
 
 3
 In April, 1970, there was a pretrial evidentiary hearing on three issues in the case: (1) whether appellant had been competent to effect a waiver of his rights to an extradition hearing and against self-incrimination; (2) whether his statements to detectives were admissible; and (3) whether he was competent to stand trial. All of these issues were resolved adversely to appellant.
 
 
 4
 Myers entered a plea of not guilty and pleas of insanity and mental irresponsibility at the time of the crime. He was convicted of first degree murder by a jury and sentenced to life imprisonment. On appeal his conviction was affirmed by the Washington Court of Appeals, State v. Myers, 6 Wash.App. 557, 494 P.2d 1015 (1972), and the Supreme Court of Washington denied a petition for review, 80 Wash.2d 1009 (1972). The United States Supreme Court denied certiorari, Myers v. Washington, 409 U.S. 1061, 93 S.Ct. 562, 34 L.Ed.2d 513 (1972). The Supreme Court of Washington has denied relief on at least three petitions for writs of habeas corpus. The United States Supreme Court denied certiorari on one of these petitions, Myers v. Pinnock, 409 U.S. 1068, 93 S.Ct. 564, 34 L.Ed.2d 518 (1972), consolidated with Myers v. Washington, supra, 409 U.S. 1061, 93 S.Ct. 562, 34 L.Ed.2d 513. This appeal involves the third petition by Myers to seek a writ of habeas corpus from the federal courts. While the other two petitions filed with the Western District of Washington are not directly relevant to this appeal, both petitions have been consolidated into the instant petition. Appellant has apparently exhausted all state remedies with respect to the issues he now raises, with the exception of certain objections to evidence admitted at his trial.
 
 
 5
 * Appellant raises thirteen separate issues for review by this Court:
 
 
 6
 1. No probable cause existed for the issuance of the Washington arrest warrant; therefore the arrest was void and appellant's statements to detectives should have been excluded from trial.
 
 
 7
 2. Appellant was incompetent to stand trial.
 
 
 8
 3. Appellant was incompetent to waive his rights and therefore his statements should not have been admitted.
 
 
 9
 4. The trial court lacked jurisdiction over him in that there was an improper waiver of extradition.
 
 
 10
 5. The M'Naghten test for insanity, used in the trial, is unconstitutional.
 
 
 11
 6. The charges were not proved beyond a reasonable doubt.
 
 
 12
 7. The trial court erred in not giving the jury a diminished capacity instruction.
 
 
 13
 8. Irrelevant prejudicial evidence was admitted at trial.
 
 
 14
 9. The trial court should have permitted a change of venue due to excessive pretrial publicity.
 
 
 15
 10. The trial court made prejudicial inquiries of the prosecutor in the presence of the jury.
 
 
 16
 11. The prosecutor withheld exculpatory evidence.
 
 
 17
 12. The trial court failed to investigate properly evidence of jury tampering.
 
 
 18
 13. The psychiatrists who examined appellant gave improper testimony at trial.
 
 
 19
 Counsel for appellant did not brief the issues numbered nine through thirteen, stating that he did not believe them to have any merit.[1] He nonetheless presented these issues for this Court's consideration in accordance with his perceived duty under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[2] The district court examined these claims at length and rejected all of them. Our independent assessment of the arguments below persuades us that that judgment was proper in this regard. We now proceed to the points argued on the appeal.
 
 II
 
 20
 Appellant contends that the warrant for his arrest was improperly issued in that it was supported only by a criminal complaint filed by the prosecutor and was not based upon probable cause. He relies upon Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); and State v. Klinker, 85 Wash.2d 509, 537 P.2d 268 (1975), for the proposition that the information procedure used by the State of Washington is unconstitutional since it results in warrants issued without probable cause. Myers makes two contentions flowing from this alleged procedural defect: (1) that his arrest was void and therefore his conviction was void as well; and (2) that his statement to detectives should have been excluded at trial since it was obtained incident to an illegal arrest.
 
 
 21
 With respect to the first claim, this Court need not reach the validity of the statute. It is well settled that illegal arrest or detention of a suspect does not void a subsequent conviction. Gerstein v. Pugh, supra, 420 U.S. at 119, 95 S.Ct. 854; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed.2d 421 (1886); United States v. Sanchez-Rodriguez, 475 F.2d 61 (9 Cir. 1973). The proper time to challenge the probable cause underlying an arrest is prior to the prosecution of the case, while the illegal detention is in progress. Gerstein v. Pugh, supra, 420 U.S. 103, 95 S.Ct. 854; Ierardi v. Gunter, 528 F.2d 929 (1 Cir. 1976).
 
 
 22
 Appellant's second contention is that his statement to police constituted "fruit of the poisonous tree", Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939), and was therefore inadmissible at trial. See Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Respondent maintains that Stone v. Powell,428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), forecloses review of this issue in a habeas corpus proceeding.
 
 
 23
 It is important to note that the nature of this claim is not that the confession was gained through duress or coercion, but merely that it was obtained as a product of the allegedly illegal arrest.[3] The issue before us is the scope of the Fourth Amendment's protection against illegal searches and seizures and the exclusionary rule. Even assuming that the Washington arrest warrant was unconstitutionally issued and that the subsequent arrest in Arizona was therefore illegal,[4] we find that there is no basis for relief on this claim in light of Stone v. Powell, supra, 428 U.S. 465, 96 S.Ct. 3037.
 
 
 24
 Brown v. Illinois, supra, 422 U.S. 590, 95 S.Ct. 2254, held that it was error for the Illinois courts to adopt a per se rule that Miranda warnings given to a suspect render the products of an otherwise unconstitutional custody admissible. The Supreme Court concluded that it was necessary to analyze the statement given in view of the circumstances of the case and the principles which underlie the exclusionary rule. 422 U.S. at 597-604, 95 S.Ct. 2254. The Court was careful to note that " '(d)espite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons.' " 422 U.S. at 600, 95 S.Ct. at 2260, quoting United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).
 
 
 25
 In Stone v. Powell, supra, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052 (footnote omitted). Since we view the claim presented, like that in Brown, as arising under the exclusionary provisions adjunct to the Fourth Amendment, and we find that appellant had a full and fair opportunity to present his claims to the state courts, we hold that Stone v. Powell is dispositive of this matter. This Court has previously held that since Stone represented no new formulation of the exclusionary rule at the time it was announced, that it may be applied retroactively. Bracco v. Reed, 540 F.2d 1019, 1020 (9 Cir. 1976). It therefore constitutes the law applicable to this case.
 
 III
 
 26
 Appellant next contends that the record indicates that he was " irrational" and "delusional" and therefore incompetent to waive his rights to an extradition hearing and against self-incrimination. He further urges that he should not have been allowed to stand trial. We find no merit in these arguments.
 
 
 27
 The trial judge convened an extensive evidentiary hearing on Myers' competence and found him capable of waiving his rights. These findings were affirmed by the Washington Court of Appeals, State v. Myers, supra, 6 Wash.App. at 561-562, 494 P.2d at 1017-1018. The district court refused to grant appellant an evidentiary hearing on competence, holding that the state court determination was adequate. This decision was proper. A district court may, in its discretion, refuse to hold an evidentiary hearing on the voluntariness of a waiver of the right against self-incrimination if the state courts have provided a constitutionally adequate hearing. Swenson v. Stidham, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972); Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Keiper v. Cupp, 509 F.2d 238, 240 (9 Cir. 1975).
 
 
 28
 Moreover, we find nothing in the record which is indicative of a conclusion contrary to that of the state courts. We are mindful of the fact that the Supreme Court has held that the question of waiver is a matter of federal constitutional law and that it is "incumbent upon the State to prove 'an intentional relinquishment or abandonment of a known right or privilege.' " Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 423 (1977), quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We find that there was a knowing and voluntary waiver in this case. See Michigan v. Tucker, 417 U.S. 433, 444-445, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974).
 
 
 29
 We see no basis for relief as a result of the trial court's finding of competence to stand trial. Appellant alleges that the trial court failed to adhere to the standard set forth in United States v. Silva, 418 F.2d 328 (2 Cir. 1969), in assessing his competence. The district court found that the trial judge had based his conclusions on the evidence presented at the full evidentiary hearing on this matter. Silva does not command that he do more. 418 F.2d at 330-331.
 
 
 30
 Finally, appellant contends that this Court should independently examine the psychiatric record in the case and determine his competence to stand trial according to the rule of Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).[5] As support for this position he proffers the Fifth Circuit's decision in Bruce v. Estelle, 536 F.2d 1051 (5 Cir. 1976). We are not persuaded by this argument to grant the requested relief.
 
 
 31
 It is well settled that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). It is our function to determine whether in fact the proceedings in this case were consistent with appellant's right to a fair trial. Drope v. Missouri, supra, 420 U.S. at 173, 95 S.Ct. 896.
 
 
 32
 The trial judge entertained testimony from several experts who examined appellant. The record plainly indicates that procedural safeguards comporting with appellant's due process rights were afforded to him. At the conclusion of this hearing the trial judge found:
 
 
 33
 "The defendant is competent to stand trial. He is able to appreciate and does appreciate his peril and is well able to assist his counsel in his defense."[6]
 
 
 34
 The Washington Court of Appeals sustained this finding and held that it met the applicable standards of competency to stand trial in the State of Washington. State v. Myers, supra, 6 Wash.App. at 561, 494 P.2d at 1017. We note that this finding also conforms to the standard enunciated in Dusky v. United States, supra, 362 U.S. at 402, 80 S.Ct. 788. We find no procedural defect in the hearing process employed in this case and no error in the determination of appellant's competence to stand trial. Cf. Drope v. Missouri, supra, 420 U.S. 162, 95 S.Ct. 896; Pate v. Robinson, supra, 383 U.S. 375, 86 S.Ct. 836.
 
 
 35
 Bruce v. Estelle, relied upon by appellant, is distinguishable. That case involved a nunc pro tunc competency hearing which had been ordered by the Fifth Circuit Court of Appeals because defendant in the case had been denied a hearing on competency prior to trial. 536 F.2d 1059-1063. See Bruce v. Beto, 396 F.2d 212 (5 Cir. 1968). We believe that this fact places the Bruce case in a distinctly different posture than the instant appeal in which this Court has not undertaken to order a hearing. Unlike the Fifth Circuit Court of Appeals, we are not reviewing the execution of an order of this Court. Hence we decline the invitation to review the psychiatric record, and we affirm the decision of the district court.
 
 IV
 
 36
 Appellant next claims that he was improperly extradited from Arizona to Washington in that he was incompetent to waive his rights and was the victim of coercion by Washington and Arizona officials. From this premise he contends that the trial court did not have jurisdiction over him and could not validly convict him. Even if his allegations were true, they would afford no basis for relief.
 
 
 37
 This Circuit adheres to the well-established principle of Ker v. Illinois, supra, 119 U.S. 436, 7 S.Ct. 225, and Frisbie v. Collins,supra, 342 U.S. 519, 72 S.Ct. 509, that even the forcible return of a defendant to the jurisdiction in which he is tried is no bar to the prosecution of him once he is present in the forum state. United States v. Lovato, 520 F.2d 1270, 1271 (9 Cir.), cert. denied, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 302 (1975); United States v. Cotten, 471 F.2d 744, 748 (9 Cir.), cert. denied, 411 U.S. 936, 93 S.Ct. 1913, 36 L.Ed.2d 396 (1973); United States v. Hamilton, 460 F.2d 1270 (9 Cir. 1972); Hunt v. Eyman, 405 F.2d 384 (9 Cir.), cert. denied, 394 U.S. 1020, 89 S.Ct. 1644, 23 L.Ed.2d 46 (1969).
 
 V
 
 38
 Appellant also asks this Court to grant his petition on the basis that the M'Naghten test, used to determine his sanity, is unconstitutional. Notwithstanding the fact that the law of this Circuit is the American Law Institute "substantial capacity" test, United States v. Monroe,552 F.2d 860 (9 Cir.), cert. denied, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977); Wade v. United States, 426 F.2d 64 (9 Cir. 1970) (en banc ), the use of the M'Naghten test by the states has been upheld as constitutional. Crow v. Eyman, 459 F.2d 24 (9 Cir. 1972); Wade v. United States, supra, 426 F.2d 64. We are presented with no persuasive reason to overrule these cases and accordingly we affirm the denial of relief on this issue.
 
 VI
 
 39
 Appellant contends that there was no evidence of premeditation on which the jury could have based its finding of guilt of murder in the first degree, relying on Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). See also Freeman v. Zahradnick, 429 U.S. 1111, 1113, 97 S.Ct. 1150, 51 L.Ed.2d 566 (1977) (Stewart, J., dissenting from denial of certiorari).
 
 
 40
 The district court found this argument to be frivolous in that there was substantial evidence in the trial record to support a finding of premeditation. We agree. With respect to a challenge to the evidence at trial, a writ of habeas corpus may be granted only if "the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment." Fish v. Cardwell, 523 F.2d 976, 978 (9 Cir. 1975) (citations omitted).
 
 VII
 
 41
 Myers next argues that the refusal of the trial court to give diminished capacity instructions to the jury constituted a denial of his rights under the Sixth Amendment. He places reliance on State v. Ferrick, 81 Wash.2d 942, 506 P.2d 860 cert. denied sub nom. Gustav v. Washington, 414 U.S. 1094, 94 S.Ct. 726, 38 L.Ed.2d 552 (1973), for the proposition that a defendant who pleads insanity in Washington is entitled to such an instruction. The court in Ferrick, while recognizing that certain situations may require a diminished capacity instruction, established the following standard for the trial judge:
 
 
 42
 " * * * in order to support an instruction on diminished mental capacity not only must there be substantial evidence of such a condition, but the evidence must logically and reasonably connect the defendant's alleged mental condition with the asserted inability to form the required specific intent to commit the crime charged." 81 Wash.2d at 944-945, 506 P.2d at 862.
 
 
 43
 The Washington Court of Appeals fully reviewed the record in this case because of the potential consequences of convicting a legally innocent person of murder. State v. Myers, supra, 6 Wash.App. at 564, 494 P.2d at 1019. That court affirmed the trial court's exercise of discretion in refusing the requested instruction. The court below found that the evidence at trial did not indicate a lack of capacity to form specific intent, and that under the Ferrick standard, appellant was not entitled to an instruction on mental incapacity. Based on the evidence in the record there appears ample justification for the trial court's ruling. This Court may not grant relief in a habeas corpus proceeding unless an alleged error in instruction rendered the trial so fundamentally unfair as to deny due process, Egger v. United States, 509 F.2d 745, 749 (9 Cir. 1975). We do not find the requisite unfairness here.
 
 VIII
 
 44
 Appellant's final points relate to seven pieces of allegedly irrelevant and prejudicial evidence which were admitted at trial. The court below found that there had been a failure to exhaust state remedies with respect to four of these claims, namely, testimony relating to appellant's extensive gun collection, his discussions regarding killing and robbing his aunt, his discussions of raping and killing prostitutes, and his expressions of a desire to "pull stickups." These issues have not been presented to the Washington courts for evaluation and thus were properly dismissed by the court below. 28 U.S.C. § 2254(d).
 
 
 45
 Another evidentiary claim concerned the introduction of testimony regarding appellant's strong interest in gun magazines. The Washington Court of Appeals rejected this contention on the grounds that appellant offered no basis for his objection and that, in any event, there was no demonstration or prejudice as a result of the admission of the evidence. State v. Myers, supra,6 Wash.App. at 567-568, 494 P.2d at 1021. The court below held that the rulings of the trial judge in this regard and with respect to testimony of appellant's desire to rape a nun were not properly within its jurisdiction in that the introduction of the evidence raised "no question concerning a federally significant external event," Crisafi v. Oliver, 396 F.2d 293, 294-295 (9 Cir.), cert. denied, 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 167 (1968). Cf. Poulin v. Gunn, 548 F.2d 1379 (9 Cir. 1977). We agree. In light of the insanity plea entered in this case[7] and the other evidence presented at trial, we find no error of sufficient magnitude to justify relief.
 
 
 46
 Appellant's final evidentiary point is that the trial court erred in admitting testimony from psychiatrists who had examined appellant as to statements he made to them regarding the commission of the crime. Appellant's contention is that this evidence was prejudicial and violative of his right against self-incrimination. This argument was rejected by the Washington Court of Appeals on the grounds that appellant had failed to object to the testimony at trial. State v. Myers, supra, 6 Wash.App. at 570-572, 494 P.2d at 1023. The court below found that the failure to object was a conscious decision by counsel in furtherance of trial strategy, thus placing the issue outside the scope of habeas corpus review. See Hill v. Nelson, 423 F.2d 167 (9 Cir. 1970); Francis v. State of California, 326 F.Supp. 83, 85 (C.D.Cal.1971).
 
 
 47
 It is clear from the record that the judgment of the court below was correct. Three of the four psychiatrists who testified in this regard were called by appellant. The fourth was called as a rebuttal witness by the prosecution. There was no effort made by the State to bring out the evidence on direct examination. Further, counsel for appellant at the trial made no attempt to object to the testimony or to ask the court to limit its scope only to those matters directly related to appellant's insanity and mental irresponsibility. See State v. Myers, supra, 6 Wash.App. at 571, 494 P.2d at 1021. We agree with the court below that appellant wanted this testimony before the jury in order to bolster his insanity defense. We hold that the failure to object constituted a tactical decision at trial and a "deliberate by-passing of state procedures," Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and that denial of relief was proper. See Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); Estelle v. Williams, 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); Henry v. Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).
 
 
 48
 Appellant has presented no basis on which his petition may be granted. The court below properly dismissed his claims, and its judgment is AFFIRMED.
 
 
 
 *
 Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Issue 13, relating to the testimony of psychiatrists at Myers' trial, was touched upon by appellant's brief in connection with his arguments on the admission of prejudicial evidence. Accordingly this issue was considered by the Court, infra, pp. 13-14
 
 
 [2]
 Counsel stated that he did not wish to withdraw from the case and therefore he believed that it was incumbent upon him, pursuant to Anders, to present all of the contentions which his client wished to raise, regardless of their merit. This Court does not understand that case to require such a duty. The concern of the Supreme Court in Anders was not with the presentation of all issues valid as well as frivolous which could be raised in an appeal, but rather that indigent appellants have effective assistance of counsel on those points which are "arguable on their merits (and therefore not frivolous)," Anders v. California, supra, 386 U.S. at 744, 87 S.Ct. at 1400
 
 
 [3]
 Appellant alleges separately that he was incompetent to waive his rights against self-incrimination and that his statement was the product of coercion and thus inadmissible. Such a claim raises entirely distinct issues with respect to the nature and reliability of the evidence and must be treated on a different basis. Compare Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), with Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 423
 
 
 [4]
 This Court need not decide the issue of the constitutionality of the challenged procedure for the purposes of this appeal. We do take note, however, of the substantial grounds for doubt as to its continued validity in view of Gerstein v. Pugh, supra, 420 U.S. 103, 95 S.Ct. 854, and Whiteley v. Warden, supra, 401 U.S. 560, 91 S.Ct. 1031. Respondent contends, and the court below held, that the Supreme Court has sustained the information procedure in question in Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962), and reaffirmed this position in Gerstein, 420 U.S. at 119, 95 S.Ct. 854. This statement is not accurate
 Beck dealt with alleged irregularities in the Washington grand jury procedure, which had been specially employed in that case. Its only reference to the prosecutor information procedure was the passing acknowledgment that:
 "The State of Washington abandoned its mandatory grand jury practice some 50 years ago. Since that time prosecutions have been instituted on informations filed by the prosecutor without even a prior judicial determination of 'probable cause' a procedure which has likewise had approval here in such cases as Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231 (1914), and Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913)." 369 U.S. at 545, 82 S.Ct. at 957 (footnote omitted).
 Gerstein did not endorse this specific proposition in Beck, stating only that:
 "In holding that the prosecutor's assessment of probable cause is not sufficient alone to justify restraint of liberty pending trial, we do not imply that the accused is entitled to judicial oversight of the decision to prosecute. Instead we adhere to the Court's prior holding that a judicial hearing is not prerequisite to a prosecution by information. Beck v. Washington, 369 U.S. 541, 545, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913)." 420 U.S. at 118-119, 95 S.Ct. at 865.
 Moreover, the Florida procedure struck down by the Court in Gerstein was very similar to the Washington system challenged in this case. It is significant that the Gerstein Court suggested that Ocampo v. United States, a case identical to Beck, and on which the Beck decision rests, may well have been undermined by subsequent decisions, e. g., Albrecht v. United States, 273 U.S. 1, 5-6, 47 S.Ct. 250, 71 L.Ed. 505 (1927); Coolidge v. New Hampshire, 403 U.S. 443, 449-453, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); United States v. United States District Court, 407 U.S. 297, 317, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972); Shadwick v. City of Tampa, 407 U.S. 345, 348-350, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). See Gerstein, supra, 420 U.S. at 118 n.20, 95 S.Ct. 854.
 
 
 [5]
 The Supreme Court held in Dusky v. United States that in order to be legally competent to stand trial, a defendant must have " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as (a) factual understanding of the proceedings against him.' " 362 U.S. at 402, 80 S.Ct. at 789
 
 
 [6]
 State v. Myers, No. 52670, Findings of Fact and Conclusions of Law as to Admissibility of Defendant's Statements and/or Confession and His Competence to Stand Trial at p. 8 (Superior Court of King County, May 6, 1970)
 
 
 [7]
 It is well settled under both the law of this Circuit and that of Washington that when a plea of insanity is entered by a criminal defendant, evidence of his entire conduct becomes admissible if relevant to the issue of insanity. United States v. Hartfield, 513 F.2d 254 (9 Cir. 1975); State v. Ferrick, supra, 81 Wash.2d 942, 506 P.2d 860, cert. denied sub nom. Gustav v. Washington, 414 U.S. 1094, 94 S.Ct. 726, 38 L.Ed.2d 552 (1973)