**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILIANA RAMIREZ TRUJILLO, | No. 12-73293 |
| Petitioner, | Agency No. A089-091-380 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2014[**]
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Liliana Ramirez Trujillo ("Petitioner"), a twenty-six-year-old agricultural

worker and mother, seeks review of the Board of Immigration Appeals ("BIA")

decision affirming her order of removal and dismissing her appeal of the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") denial of her motion to suppress evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny her petition for review.

We need not reach Petitioner's sole argument on appeal—that the BIA erred in affirming the denial of her motion to suppress evidence—because, after the IJ denied this motion, Petitioner admitted the allegations in the Notice to Appear ("NTA") and conceded that she was removable as charged.[1] These admissions and concession of removability were sufficient for the government to meet its evidentiary burden, *Perez-Mejia v. Holder*, 663 F.3d 403, 414–15 (9th Cir. 2011), and they provide an independent basis upon which to sustain Petitioner's order of removal, *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1043 (1984).

Even if Immigration and Customs Enforcement ("ICE") agents egregiously violated Petitioner's Fourth and/or Fifth Amendment rights when they initially arrested and detained her, these violations "would not prevent reliance by the [BIA] on [her] voluntary admission of illegal entry at the subsequent deportation hearing." *Rodriguez-Gonzalez v. I.N.S.*, 640 F.2d 1139, 1140–41 (9th Cir. 1981) (citing *Medina-Sandoval v. I.N.S.*, 524 F.2d 658, 659 (9th Cir. 1975) and *Cuevas-Ortega v. I.N.S.*, 588 F.2d 1274, 1278 n.9 (9th Cir. 1979)).

---

[1] Petitioner's counsel made these representations on her behalf during the pleading stage of her removal hearing. Absent egregious circumstances or a due process violation, neither of which Petitioner alleges, she is bound by her attorney's representations. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1101–02 (9th Cir. 2009); *Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 934 (9th Cir. 1986).

Because Petitioner's admissions and concession of removability constituted "substantial evidence" supporting the BIA's determination that Petitioner is removable, *id.* at 1140, we deny her petition for review.

**PETITION DENIED.**