**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARGELIO GUERRERO-RENOVATO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70936 <br><br> Agency No. A077-152-256 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2015[**]
Seattle, Washington

Before: O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Argelio Guerrero-Renovato petitions for review of the Board of Immigration

Appeals' (BIA) decision upholding the Immigration Judge's (IJ) denial of his

motion to suppress evidence and finding that he is removable.  We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In July 2007, Guerrero-Renovato was arrested by Immigrations and Customs Enforcement Officers because he was standing with a group of Hispanic individuals who had been "observed on various occasions speaking only Spanish." He admitted to the arresting officers that he was in the United States illegally.

At his removal hearing, Guerrero-Renovato moved to suppress evidence obtained as a result of his arrest. The IJ denied the motion to suppress and found him removable. The BIA sustained Guerrero-Renovato's appeal of that decision, finding egregious misconduct in the officers' decision to arrest him "solely based on [his] Hispanic appearance." The BIA remanded the case for the IJ to consider whether sufficient evidence obtained independently of the illegal arrest supported his removal.

On remand, the government produced documentation of Guerrero-Renovato's 1998 voluntary departure proceedings. Guerrero-Renovato's counsel conceded that those documents were accurate and admitted that Guerrero-Renovato had returned to the country illegally following his 1998 departure. The IJ determined that Guerrero-Renovato was removable as charged, and the BIA affirmed.

In this appeal, Guerrero-Renovato contends that removal proceedings should have been terminated because evidence of his identity should have been suppressed

as the fruit of an illegal arrest. It is well established, however, that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Even when the government effects an illegal arrest, evidence obtained from a source not tainted by the misconduct is admissible to prove that an alien is removable. *See Medina-Sandoval v. INS*, 524 F.2d 658, 659 (9th Cir. 1975). The IJ correctly determined that evidence of Guerrero-Renovato's 1998 voluntary departure proceedings was admissible to prove that he was removable because it was obtained from a source independent of his illegal arrest.

**PETITION DENIED.**