NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE LOPEZ-CAMARILLO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71162 <br><br> Agency No. A206-917-718 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020[**]
Pasadena, California

Before: BEA, THAPAR,[***] and COLLINS, Circuit Judges.

Felipe Lopez-Camarillo has illegally entered the United States from Mexico nine times. During his most recent stay, he was convicted of driving under the influence of alcohol. Immigration officers picked him up during a traffic stop a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

few months later. Lopez-Camarillo admitted that he had entered the United States illegally, and the Department of Homeland Security began the removal process.

Initially, Lopez-Camarillo agreed that he was removable to Mexico. His lawyer conceded removability and asked for voluntary departure and an opportunity to seek prosecutorial discretion. But when Lopez-Camarillo got a new lawyer, he changed his tune: He moved to withdraw his lawyer's concession of removability and to suppress all evidence obtained during the traffic stop (including his statement that he had entered the country illegally). The immigration judge denied his motion, and the Board of Immigration Appeals affirmed. Lopez-Camarillo now petitions for review.

We review the Board of Immigration Appeals' legal conclusions de novo and factual findings for substantial evidence. *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008). When the Board adopts part of the immigration judge's decision, we review that part of the immigration judge's decision under the same standards. *See id.*

Lopez-Camarillo raises three arguments in his petition: (1) the immigration judge lacked jurisdiction to issue an order of removability, (2) the Board erred by holding that Lopez-Camarillo cannot withdraw his attorney's concession of removability, and (3) the Board erred by denying his request to suppress evidence. Finding none persuasive, we deny Lopez-Camarillo's petition for review.

2

*Lack of Jurisdiction*.  Lopez-Camarillo argues that the immigration judge lacked jurisdiction to issue an order of removal.  Jurisdiction vests with an immigration judge when a valid Notice to Appear is filed.  8 C.F.R § 1003.14(a) (jurisdiction vests when charging document is filed); 8 C.F.R. § 1003.13 (defining charging document to include Notice to Appear).  In Lopez-Camarillo's case, while the government filed a Notice to Appear, it did not enter a time, date, or place for Lopez-Camarillo's removal proceedings.  Lopez-Camarillo argues that under *Pereira v. Sessions* this omission was fatal.  138 S. Ct. 2105, 2110 (2018). He claims that without a time, date, or place his Notice to Appear is deficient.  And without a valid charging document, the immigration judge had no authority to order him removed.

We've considered—and rejected—this exact argument more than once.  *See, e.g.*, *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–60 (9th Cir. 2019); *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020).  Lopez-Camarillo's reliance on *Pereira* is misplaced:  *Pereira* "was not in any way concerned with the Immigration Court's jurisdiction."  *Karingithi*, 913 F.3d at 1159.  Instead, the rule is that a Notice to Appear "need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing."  *Aguilar Fermin*, 958 F.3d at 889.  That's what happened here. Before his first removal hearing, Lopez-Camarillo received a Notice of Hearing

3

with the time, date, and place.  The immigration judge properly exercised jurisdiction.

*Withdrawal of Removability Concession*.  Lopez-Camarillo next contends that the Board erred by holding that he cannot withdraw his attorney's concession of removability.  Generally, an attorney's concession is "binding on the alien client and may be relied upon as evidence of removability." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011) (cleaned up).  But "an alien can withdraw his attorney's admissions . . . where such admissions were the result of . . . ineffective assistance of counsel." *Id.* at 832 (cleaned up).  To claim ineffective assistance of counsel, an alien generally must:  (1) submit an affidavit detailing his allegations and any relevant facts; (2) notify his former counsel of the allegations and give counsel an opportunity to respond; and (3) include in his motion whether he filed a complaint with appropriate disciplinary authorities regarding his former counsel's representation. *Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)).  Lopez-Camarillo concedes that he did not comply with these requirements.  But he argues that two exceptions allow him to bring an ineffective-assistance-of-counsel claim anyway.

First, Lopez-Camarillo contends that his counsel's ineffective assistance is clear from the record.  But we have applied this exception only in "particularly

4

egregious" cases, where ineffective assistance was "obvious." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525–26 (9th Cir. 2000). For example, we have held that ineffective assistance was plain where it was "undisputed that [petitioner's] lawyer failed, without any reason, to timely file the application in spite of having told [petitioner] that he did file it." *Id.* at 526; *see also Escobar-Grijalva v. I.N.S.*, 206 F.3d 1331, 1335 (9th Cir. 2000) (holding ineffective assistance was plain where petitioner's lawyer "had just walked in off the street and had no more understanding of her case than a stranger"). By contrast, Lopez-Camarillo takes issue with what amounts to a tactical decision: His counsel conceded removability and, in exchange, asked for voluntary departure and an opportunity to seek prosecutorial discretion. Tactical decisions do not constitute ineffective assistance. *Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 933–34 (9th Cir. 1986). So Lopez-Camarillo has not established that ineffective assistance was "plain on the face of the administrative record." *Escobar-Grijalva*, 206 F.3d at 1335.

Second, Lopez-Camarillo argues that he had too little time to comply with the procedural requirements of *Lozada*. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). But while we have excused compliance with the requirements for petitioners who made "diligent efforts" to comply but "were unsuccessful due to factors beyond [their] control," Lopez-Camarillo proffered *no*

evidence of any efforts to comply. *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) (citation omitted). So that exception does not apply.

Because Lopez-Camarillo cannot raise a valid ineffective-assistance-of-counsel claim, the Board did not err by holding him to his attorney's concession of removability.

*Fourth Amendment Violation*. Finally, Lopez-Camarillo argues that the Board erred by denying his request to suppress evidence obtained during the traffic stop. Lopez-Camarillo contends that because the immigration officers had no probable cause to stop his vehicle, any evidence from the traffic stop—namely, his confession that he entered the country illegally—should have been suppressed under the exclusionary rule. But the immigration judge and the Board relied on his counsel's concession to find him removable. *See Perez-Mejia v. Holder*, 663 F.3d 404, 410–11 (9th Cir. 2011). As a result, even if we found that the traffic stop was unlawful, it would not invalidate his deportation proceedings. *Medina-Sandoval v. I.N.S.*, 524 F.2d 658, 659 (9th Cir. 1975).

In any event, given that the original report of Lopez-Camarillo's arrest confirmed that his vehicle was stopped after immigration officers followed his vehicle from his house pursuant to a pre-planned immigration enforcement operation targeted specifically at him, he failed to show a prima facie case that the officers committed an egregious Fourth Amendment violation by supposedly

6

stopping him based solely on his Hispanic appearance. *See Solis-Solis v. Barr*, 820

F. App'x 602, 602–03 (9th Cir. 2020).

We deny the petition for review.